DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA # 649320

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:06-cr-0006-01-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| v. | ) | |
| | ) | |
| DONALD DURAY BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

I.   **Introduction**

   A.   Unless the parties subsequently inform the district court in writing of any additional agreements, this document contains the complete plea agreement

DONALD DURAY BROWN  Plea Agreement

between the defendant and the United States. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

B.   Unless the parties otherwise inform the district court in writing, the parties expressly agree that Federal Rule of Criminal Procedure 11(c)(1) (A) will control his plea agreement. This means that the defendant may not withdraw from this agreement or the guilty plea(s) unless the district court denies the government's post-imposition of sentence motion to dismiss the remaining charges in the Indictment as they relate to the defendant, or the United States Attorney in the District of Alaska prosecutes additional charges arising from the investigation that resulted in the charges filed against the defendant. This also means that the defendant may not withdraw from this agreement or the guilty plea(s) if the district court does not follow the parties's sentencing recommendations.

C.   Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

II. **What the defendant agrees to do**

A. I, DONALD DURAY BROWN, the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to and understanding of this plea agreement.

I agree the following obligations are material to this agreement. I agree that any violation of or failure to fulfill these obligations will be a material breach of this agreement.

If I breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, I understand at an appropriate hearing during which any of my disclosures will be admissible, the district court will determine whether I have violated the terms of this agreement; the government's burden will be by a preponderance of the evidence.

B. **Charge(s) to which the defendant is pleading guilty**

I agree to enter a plea of guilty to Count 1 of the Indictment, which charges

me with conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846.

C. **Statutory Maximum Sentence**

I understand the statutory maximum sentence for Count 1, which charges me with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846, include the following for the facts upon which my plea will be entered: 1) Life imprisonment, with a mandatory minimum sentence of 10 years imprisonment; 2) a $4 million fine, 3) a $100 mandatory special assessment, and 4) a mandatory minimum five-year term of supervised release, with a maximum of life. I understand the following may also apply and affect my sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the district court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the district court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be

DONALD DURAY BROWN Plea Agreement

Page 4 of 17

imposed, with no credit for the time already spent on supervised release; 4) the district court may order that I pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

I agree I will owe the entire special assessment in this case on the day the district court imposes sentence. I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

D. **Application of the United States Sentencing Guidelines**

I understand the district court must consult the United States Sentencing Commission Guidelines [U.S.S.G.] when considering the sentence to impose in my case. I understand the U.S.S.G. do not establish the statutory maximum sentence applicable to the offenses to which I am pleading guilty. I also understand that while the U.S.S.G. are not mandatory and that the district court is not bound to impose a sentence recommended by the U.S.S.G., the district court may nonetheless find the sentence recommended by the U.S.S.G. to be reasonable in my case, after considering the factors set forth in 18 U.S.C. § 3553(a).

Below is a summary of a possible sentencing range under the U.S.S.G. for

my case. This summary does not include all possible aggravating or mitigating adjustments available under the U.S.S.G. nor does it take into account the sentencing factors set forth in 18 U.S.C. 3553(a). This summary binds neither the district court, me, nor the United States. I understand that all adjustments to my offense level will be set forth in the pre-sentence report prepared by the U.S. Probation Office, and that all parties have an opportunity to argue their positions with respect to both upward and downward adjustments to my offense level. I understand the district court has the discretion to ultimately impose a sentence that is higher than or lower than the range contained in the summary. I understand and agree the district court will apply the preponderance of evidence standard of proof when resolving any factual disputes regarding my guideline sentence calculation. I understand that the discussions between my attorney and me concerning my sentence exposure or the possible sentence the district court might impose are only estimates and do not bind the district court.

*SUMMARY:*

*NON BINDING ESTIMATED BASE OFFENSE LEVEL* .... 34

*ACCEPTANCE OF RESPONSIBILITY* .................. -3

*NON BINDING ESTIMATED TOTAL* .................... *31*

*NON BINDING ESTIMATED CRIMINAL HISTORY* ....... *IV*

*NON BINDING ESTIMATED SENTENCING RANGE* .................... *151 - 188 months*

*SUPERVISED RELEASE RANGE* .......... *min. 5 years - Life*

*FINE RANGE* .......................... *$17,500 - $175,000*

E.  **Additional consequences of a felony conviction**

I understand that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.

F. **Elements of the offense(s)**

My attorney has explained the charge(s) to which I am pleading guilty and the elements necessary to establish my guilty plea(s).  The district court will further advise me of the necessary elements.

I understand that in order to sustain a conviction for conspiracy to possess with intent to distribute and to distribute a controlled substance, a violation of 21 U.S.C. § 846, as charged in this case, the United States would have to prove

DONALD DURAY BROWN  Plea Agreement

beyond a reasonable doubt the following elements:

First, there was an agreement between two or more persons to possess with intent to distribute and to distribute controlled substances;

Second, I became a member of this agreement knowing that one of the objects of the conspiracy was to distribute, and possess with intent to distribute, 50 grams or more of cocaine base, or crack, and that I joined with the intent to help accomplish these objectives.

Third, that during my participation in the conspiracy, over 50 grams of cocaine base (crack) was distributed.

### G. Factual basis for the plea(s)

I admit that the allegations against me in Count 1 of the Indictment is true and stipulate the following minimum factual basis for my plea(s) is true and supports my guilty plea(s) in this case:

Beginning in at least January 2005, and continuing to at least through February 2005, I, along with Lonnie Lewis Wilson, agreed to distribute cocaine and crack cocaine. I knew that the purpose of the agreement was to sell cocaine, and crack cocaine in order to make money. To this end, on February 2, 2005, in

Anchorage, I sold approximately 190 grams of crack cocaine to another person. Lonnie Wilson drove me to this transaction and warned me of suspected undercover police officers nearby.

### H. Waiver of trial, appellate, and collateral attack rights

I understand I have the following rights:

- -- The right to have the charges against me presented to the grand jury prior to entering my plea of guilty;

- -- The right to plead not guilty or to persist in that plea if it has already been made;

- -- The right to a speedy and public trial by jury on the factual issues establishing my guilt or my sentence, and any issue affecting my interest in any forfeitable assets;

- -- The right to object to the composition of the grand or petit jury;

- -- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;