MOTION UNDER 28 USC §2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

RECEIVED
MAR 12 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

**UNITED STATES DISTRICT COURT**   District:

Name (under which you were convicted): DONALD DURAY BROWN

Place of Confinement: Sheridan, OR - Prison Camp

Assigned Case Number (Clerk use only):

Prisoner's Number: 36471-086

UNITED STATES OF AMERICA    v.    DONALD DURAY BROWN.
Respondent                        Movant (name under which you were convicted)

# MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
FEDERAL BUILDING AND UNITED STATES COURTHOUSE
FRANK V. RUSSO - 222 WEST SEVENTH AVENUE
ANCHORAGE, AK 99513-7564

   (b) Criminal docket or case number: CR-06-00006-a-JWS

2. (a) Date of judgment of conviction: APRIL, 31 2006
   (b) Date of sentence: OCTOMBER, 17 2006

3. Length of sentence: 120 MONTHS

4. Nature of crime (all counts):
21: 841 (a)(1), (B)(1)(C) POSSESSION OF CONTROLLED SUBSTANCES WITH INTENT TO DISTRIBUTE
21: 841 (A)(1), (b)(1)(A) DISTRIBUTION OF COCAINE BASE

5. (a) What was your plea? (Check one)
   (1) Not guilty [ ]   (2) Guilty [✓]   (3) Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   I plead Guilty to Count 1 of case Number CR-06-00006-a-JWS.
   POSSESSION OF CONTROLLED SUBSTANCES. WITH INTENT TO DISTRIBUTE
   AND. DISTRIBUTION of a COCAINE BASE.

6. If you went to trial, what kind of trial did you have? (Check one): Jury [ ]  Judge only [ ]  N/A

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes [ ]  No [ ]  N/A.

8. Did you appeal from the judgment of conviction?  Yes [ ]  No [✓]

9. If you appeal, answer the following:
   (a) Name of court:

28 U.S.C. §2255, Page -1-

(b) Docket or case number:    N/A.

(c) Result:

(d) Date of result:

(e) Citation to the case:

(f) Grounds raised:

(g) Did you file a petition for certiorari in the Supreme Court?  Yes [ ]   No [✓]

If "Yes," answer the following:

(1) Docket or case number:

(2) Result:

(3) Date of result:

(4) Citation to the case:

(5) Grounds raised:

10. Other than the direct appeal, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes [ ]   No [✓]

11. If your answer to Question 10 is "Yes," give the following information:

(a) (1) Name of court:    N/A.

(2) Docket or case number:

(3) Date filing:

(4) Nature of the proceeding:

(5) Grounds raised:

28 U.S.C. §2255, Page -2-

(6) Did you receive a hearing where evidence was given on your motion, petition or application? Yes [ ]  No [✓]

(7) Result:

(8) Date of result:

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:  N/A.

(2) Docket or case number:

(3) Date of filing

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes [ ]  No [✓]

(7) Result:  N/A.

(8) Date of result:

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application? Yes [ ]  No [✓]

(1) First petition:   Yes [ ]   No [✓]

(2) Second petition:  Yes [ ]   No [✓]

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:  N/A

12. For this motion, state **concisely** every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. State the **facts** supporting each ground. If you want to submit a brief or arguments, **you must submit them in a separate memorandum.**

**CAUTION:** If you fail to set forth all grounds in this motion, you may be barred from presenting a second or successive §2255 petition as limited by the Antiterrorism and Effective Death Penalty Act of **1996** (AEDPA).

(a) TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §2255 does not bar your motion. (*)

*Because of ruleing § 3582 was just past on November of 2007.*

---

(*) Section 2255 of 28 U.S.C., paragraph 6, provides in part that: "A one-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of— (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255, Page -4-

(b) COGNIZABLE CLAIMS: Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the imposition or length of his detention that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law; or (4) "the sentence is otherwise subject to collateral attack." Despite this broad language, section 2255 motions that allege violations of federal law are generally cognizable only if they involve a "fundamental defect which result in a complete miscarriage of justice." See, e.g., U.S. v. Addonizio, 442 U.S. 178, 185 (1979)[*].

For your information, the following is a list of the most frequently raised grounds for relief: ineffective assistance of counsel; double jeopardy violation; disclosure right under Brady; involuntarily and unintelligent guilty plea; unresolved objections to false information in presentence report; court's lack of subject matter jurisdiction; and, claim(s) of "actual innocence."

(c) CAUSE AND PREJUDICE STANDARD: Courts usually will not entertain a claim under §2255 if you did not raise such claim(s) at pretrial, trial or on direct appeal.[1] You must show "cause" for your failure to assert the claim(s) in earlier proceedings; and actual "prejudice" from the alleged error. The Supreme Court has not yet 'given the term 'cause' precise content"[2] or 'essay[ed] a comprehensive catalog of the circumstances that would justify a finding of cause."[3] Instead, the Court has stated generally that "cause" for a procedural default exists if "the petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[4] Correspondingly, the Court "has not identified with precision exactly what constitutes 'cause' to excuse a procedural default."[5]

The concepts of "objective factor" and "external impediment" have broad application. In addition to situations in which these concepts obviously apply, the concepts encompass situations in which "the factual or legal basis for a claim was not reasonably available to counsel" at the time of the procedural default,[6] in which petitioner was denied effective assistance of counsel in violation of the Sixth Amendment.

---

[*] (But unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited. ... an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice).

(1) U.S. v. Frady, 456 U.S. 152, 162-166 (1982).  (2) Reed v. Ross, 468 U.S. 1, 13 (1984).  (3) Smith v. Murray, 477 U.S. 527, 534 (1986).  (4) Murray v. Carrier, 477 U.S. 478, 488 (1986); Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); McCleskey v. Zant, 499 U.S. 467, 493 (1991).  (5) Edward v. Carpenter, 529 U.S. 446, 452 (2000).  (6) Thompson, supra, 501 U.S. 753.

GROUND ONE:

Supporting FACTS (Do not argue or cite law.  Just state **briefly** the specific facts):

I (DONALD DURAY BROWN) WAS SENTENCE UP UNDER THE CRACK GUIDLINES. I KNOW THAT THE CRACK GUIDLINES HAS BEEN LOWERED as NOVEMBER, 1 2007. DUE TO THE § 3582 RULING, I KNOW I Am entitled or belive I Am entitled to a Reduce sentence. I would like a Lawyer to be Appointed to This case.

GROUND TWO:

Supporting FACTS (Do not argue or cite law.  Just state **briefly** the specific facts):

28 U.S.C. §2255, Page -6-

(d) DIRECT APPEAL:

  (1) If you appealed from the judgment of conviction, did you raise ...

|  |  |  |  |
|---|---|---|---|
| Ground One? Yes [ ] No [✓] | Ground Five? Yes [ ] No [ ] |
| Ground Two? Yes [ ] No [ ] | Ground Six? Yes [ ] No [ ] |
| Ground Three? Yes [ ] No [ ] | Ground Seven? Yes [ ] No [ ] |
| Ground Four? Yes [ ] No [ ] | Ground Eight? Yes [ ] No [ ] |

  (2) Explain why you did not raise the issue(s) in your direct appeal:

(e) POST-CONVICTION PROCEEDINGS:

  (1) Did you raise the issue(s) in any post-conviction motion, petition, or application?

|  |  |
|---|---|
| Ground One    Yes [ ] No [✓] | Ground Five   Yes [ ] No [ ] |
| Ground Two    Yes [ ] No [ ] | Ground Six    Yes [ ] No [ ] |
| Ground Three  Yes [ ] No [ ] | Ground Seven  Yes [ ] No [ ] |
| Ground Four   Yes [ ] No [ ] | Ground Eight  Yes [ ] No [ ] |

  (2) If your answer is "Yes" to Question (e)(1), state:

    Type of motion(s) or petition(s):

    N/A.

    Name and location of the court where the motion(s) or petition(s) were filed:

    N/A.

    Docket or case number(s):

    Date of court's decision(s):

    Result (attach a copy of the court's opinion(s) or order(s), if available):

  (3) Did you receive a hearing on Question (e)(2)?     Yes [ ] No [✓]

  (4) Did you appeal from the denial from your Question (e)(2)?   Yes [ ] No [✓]

  (5) If Question (e)(4) is "Yes," did you raise the issue(s) on appeal?   Yes [ ] No [✓]

    Name and location of the court where the appeal was filed:

    N/A.

    Docket or case number(s):   N/A.

    Date of court's decision(s):

Result (attach a copy of the court's opinion(s) or order(s), if available):

(6) If your answer to Question (e)(4) or Question (e)(5) is "No," explain why you did not appeal or raise the issue(s):

N/A.

13. State **briefly** which and why the grounds in this motion have **not** been previously presented:

Because The Ruling of § 3582 HAS JUST Come To light as of Nov, 1 2007

14. Do you have any motion, petition, appeal **now pending** (filed and not decided yet) in any court as to the judgment under attack?   Yes [ ]   No [✓]

If "Yes," state the name and location of the court, the docket or case number, the type or nature of proceeding, and the issue(s) raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are attacking:

(a) At preliminary hearing:

(b) At arraignment:    Federal Public Defenders Office
                        STERLING + DEARMOND
(c) At trial:                    OR
                        FRED RICHARD CULTNER III
(d) At sentencing:      SUITE 1600
                        550 WEST SEVENTH AVENUE
(e) On appeal:          ANCHORAGE, AK   99501

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction preceeding:

28 U.S.C. §2255, Page -8-

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?   Yes [ ]   No [✓]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment that you are attacking?   Yes [ ]   No [✓]

    (a) If so, give the name and location of the court and the docket or case number:

    N/A.

    (b) Give the lenght of the future sentence:

    (c) Have you filed, or do you plan to file, any motion, petition or application to attack the future sentence?   Yes [ ]   No [✓]

THEREFORE, Movant asks this Court to construe and grant all relief that this Court deems necessary in the interest of justice. Movant's relief sought is for this Court to grant an evidentiary hearing and/or:

_____
Signature of Attorney (if any)

I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that the **original and two copies** of this Motion under 28 U.S.C. §2255 were placed in the prison designed mailing system (FRAP 25(a)(2)(C)) as dated and properly addressed to:

FEDERAL BUILDING AND UNITED STATES COURTHOUSE
BOX 4 - DISTRICT CLERKS OFFICE
222 WEST SEVENTH AVENUE - ANCHORAGE, AK 99513-7564

Dated on this 4 day of MARCH, 2008

Donald Brown
Signature of Movant

If the person signing is not Movant, state the relationship to Movant and explain the reasons why Movant is not signing this motion:

E. Kinney CSW                    3/4/08
NAME            TITLE
"Authorized by the Act of July 27, 1955, to administer oaths (18 USC 4004)."   CASE Manager
(503) 843-4442

28 U.S.C. §2255, Page -9-

DONALD DURAY BROWN 36471-086
FEDERAL PRISON CAMP
P.O. BOX 6000
SHERIDAN, OR 97378-6000

FEDERAL BUILDING AND UNITED STATES
COURT HOUSE, BOX 4 - DISTRICT CLERKS OFFICE
222 WEST SEVENTH AVENUE
ANCHORAGE, AK 99513-7564

FEDERAL CORRECTIONAL INSTITUTION
27072 BALLSTON ROAD
P.O. BOX 8000
SHERIDAN, OR 97378-5001
DATE: MAR - 5 2008
"SPECIAL MAIL"
The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been either opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosed to the above address.